## SHAPIRO *v.* GOODMAN.

1. SALES—EVIDENCE—SAMPLES.

In an action for the contract price of certain dresses sold by sample and rejected because defendant claimed they were of quality inferior to the samples, where the evidence that the samples were of a superior quality of silk known as flat crepe was undisputed, a witness who was familiar with the quality of silk should have been permitted to testify as to the quality of silk in the dresses shipped, although he had not seen the samples.[1]

[1]Evidence, 22 C. J. § 772.

2. SAME—DELIVERY TO CARRIER DOES NOT PASS TITLE IF GOODS IN-
FERIOR TO SAMPLES.

    Where goods of a certain quality are ordered, the title
does not pass to the buyer on delivery to the carrier if
they are not of the kind and quality ordered.[2]

3. APPEAL AND ERROR—HARMLESS ERROR.

    Error in instructing the jury that the title to dresses
sold by samples passed to defendant when delivered by
plaintiffs to the carrier was not reversible, where they
were also properly instructed that defendant had a right
to reject any dresses that were not according to contract,
and it is unlikely that they were misled by the erroneous
instruction.[3]

Error to Genesee; Black (Edward D.), J.    Sub-
mitted June 11, 1926.    (Docket No. 84.)    Decided
October 4, 1926.

.Assumpsit by Israel Shapiro and others, copartners
as the San Toy Flapper Company, against Phil E.
Goodman for goods sold and delivered.·    Judgment
for plaintiffs, defendant brings error.    Reversed.

*Vincent D. Ryan* (*Frank P. Darin* and *Harold Good-
man,* of counsel), for appellant.

*David L. McTaggart* (*Frank W. Cain,* of counsel),
for appellees.

McDONALD, J.    The plaintiffs are dress manu-
facturers, doing business under the name of the San
Toy Flapper Company of New York city.    The de-
fendant is a dealer in ladies' clothes at Flint, Michi-
gan.    On August 9, 1923, the defendant ordered of
the plaintiffs, from sample, 34 dresses which they were
to manufacture and ship "as ready."    On this order
19 dresses were shipped.    The defendant accepted 4 of
them and returned the balance, claiming that they were
not according to sample.    The plaintiffs declined to

---

    [2]Sales, 35 Cyc. p. 317; [3]Appeal and Error, 4 C. J. § 3013; Trial,
38 Cyc. p. 1785.

receive the rejected dresses when they were returned by the express company, and refused to make further shipments. · In payment of the 4 dresses the defendant sent his check for $61.64, which the plaintiff refused. This suit was brought to recover the price of the 19 dresses shipped. The plaintiffs were given a verdict and judgment. The defendant has brought error.

Complaint is made of the ruling of the court in excluding the testimony of David Goodman, a witness called by the defendant, for the purpose of showing that the dresses rejected were not according to sample in quality. David Goodman was a brother of the defendant. He had worked in the store for seven years. His business in part was to receive shipments, examine the merchandise and put it in stock. He received and examined the goods in question. On direct-examination he was asked:

"*Q.* What condition did you find the merchandise to be in?

"*Mr. McTaggart:* I object to that.

"*The Court:* Sustain the objection unless he saw the samples.

"*Q.* Describe the nature and quality of the material?

"*Mr. McTaggart:* Just a minute.

"*The Court:* Sustain it. It isn't competent testimony unless he saw the sample.

"*Q.* It has been testified here that certain dresses from those shipments were kept by you and others were sent back, do you remember that?

"*A.* I do, sir.

"*Q.* Was there a difference in quality between the shipments you kept and those you sent back?

"*Mr. McTaggart:* I object to it as immaterial.

"*The Court:* The same ruling. This witness can't swear or any other witness who didn't compare these goods with the samples.

"*Mr. Ryan:* The point is this, if the court please, here is a man familiar with the grade and quality of silk.

"*The Court:* Where are the samples upon which he

bought, we don't know if it was high grade or low grade or what it was.

"*Mr. Ryan:* The testimony shows by Phil E. Goodman that the samples were of superior quality.

"*The Court:* This witness can't testify to what Phil E. Goodman knows.    Sustain the objection.    You can bring in 50 men, who never saw the sample, if they wanted to swear to that.

"*Q.* Can you identify or define the fabric contained in those goods?

"*Mr. McTaggard:* Object to it as incompetent.

"*The Court:* Sustain it.

"*Mr. Ryan:* The testimony of Phil E. Goodman was to the effect that the samples were of a flat silk crepe, and that the goods as delivered were crepe de chine.

"*Q.* Can you state whether or not the goods you examined as delivered were crepe de chine?

"*Mr. McTaggart:* Object to it as immaterial.

"*The Court:* Sustain it."

The court erred in excluding this testimony.    The only question in dispute was whether the goods shipped were equal to the sample in quality and workmanship. Not having seen the sample, this witness probably was not competent to testify as to a difference in workmanship, but he was competent to testify as to the quality of the silk in the goods which he examined. It had been established by undisputed testimony that the samples were of a superior quality of silk known as flat crepe, and it was claimed by the defendant that the dresses rejected were made of a flimsy light weight silk, known as crepe de chine.    The witness David Goodman was familiar with the grade and quality of silk.    Without seeing the samples he was competent to testify whether the goods shipped were made of flat crepe or crepe de chine.    The court should have received his testimony.

Objection is made to that portion of the judge's charge wherein he said that the title to these goods passed to the defendant when the plaintiffs delivered them to the express company in New York city; that

they then became the property of the defendant and that the plaintiffs could not thereafter claim them. Under the circumstances of this case this instruction was erroneous.    The title did not pass on delivery to the carrier, if the goods were not of the kind and quality ordered.    *Struthers-Ziegler Cooperage Co.* v. *Farmers Manfg. Co.,* 233 Mich. 298.    However, we think the jury was not misled by this instruction, because elsewhere in the charge the court properly explained to them the defendant's right to reject any dresses that were not according to contract.

The record presents no other questions that may arise on a new trial.

The judgment is reversed because the court erroneously excluded the testimony of David Goodman. A new trial is granted.    The defendant will have costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.